# 22-320

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

*Appellee,*

v.

IVAN REYES-ARZATE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (BROOKLYN)

## OPENING BRIEF OF APPELLANT
Pursuant to *Anders v. California*, 386 U.S. 738 (1967)

Robin C. Smith, Esq.
Leean Othman, Esq.
Law Office of Robin C. Smith, Esq., P.C.
802 B Street
San Rafael, California 94901
(415) 726-8000
rcs@robinsmithesq.com

*Counsel for Defendant-Appellant*

**LANTAGNE LEGAL PRINTING**
**801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

SUBJECT MATTER AND APPELLATE JURISDICTION ................................. 1

QUESTION PRESENTED ................................................................................... 2

STATEMENT OF THE CASE .............................................................................. 2

SUMMARY O F ARGUMENT ............................................................................. 9

ARGUMENT ......................................................................................................... 9

    THERE ARE NO NON-FRIVOLOUS ARGUMENTS FOR THIS
    COURT'S REVIEW. APPELLANT'S PLEA AND APPELLATE
    WAIVER WERE VALIDLY ENTERED AND WERE KNOWING
    AND VOLUNTARY. ................................................................................... 9

CONCLUSION .................................................................................................... 11

CERTIFICATES .................................................................................................. 12

# TABLE OF AUTHORITIES

## CASES

*Anders v. California*, 386 U.S. 738 (1967) ......................................................... 9, 11

*Boykin v. Ala.*, 395 U.S. 238 (1969) ......................................................................... 10

*McCarthy v. United States*, 394 U.S. 459 (1969) ..................................................... 10

*North Carolina v. Alford*, 400 U.S. 25 (1970) .......................................................... 11

*Parke v. Raley*, 506 U.S. 20 (1992) ........................................................................... 11

## STATUTES

18 U.S.C. § 3231 ............................................................................................................ 1

18 U.S.C. § 3238 ............................................................................................................ 2

18 U.S.C. § 3551 ....................................................................................................... 2, 3

18 U.S.C. § 3553 .......................................................................................................... 10

21 U.S.C. § 841 .............................................................................................................. 3

21 U.S.C. § 846 .............................................................................................................. 3

21 U.S.C. § 959 ............................................................................................. 2, 3, 8, 10

21 U.S.C. § 960 ............................................................................................. 2, 3, 8, 10

21 U.S.C. § 963 ............................................................................................. 2, 3, 8, 10

28 U.S.C. § 1291 ............................................................................................................ 2

28 U.S.C. § 2106 ............................................................................................................ 2

Fed. R. Crim. P. 11(b)(1) ......................................................................................... 9, 10

In the

United States Court of Appeals

For the Second Circuit

United States of America,

*Appellee,*

v.

Ivan Reyes-Arzate,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRIEF IN REPSONSE TO GOMEZ-PEREZ MOTION TO DISMISS

SUBJECT MATTER AND APPELLATE JURISDICTION

This is an appeal from the United States District Court, Eastern District of New York. Subject matter jurisdiction in the District Court was conferred by 18 U.S.C. § 3231, which grants original and exclusive jurisdiction of all offenses against the United States, including Appellant's offenses of conviction.

1

Entry of the District Court's judgment occurred on February 11, 2022 and a timely notice of appeal was filed. The Hon. Brian M. Cogan presided over the District Court proceedings. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1291, 2106.

## QUESTION PRESENTED

Whether Appellant's plea and waiver of appellate rights was knowing, voluntary and competent?

## STATEMENT OF THE CASE

Indictment

An indictment was filed against Appellant on January 23, 2020 charging Appellant with Three Counts. Count One charged that between September 2016 and November 2016, within the United States, Appellant with others, knowingly and intentionally conspired to distribute cocaine, knowing such substance would be unlawfully imported into the United States, and the amount of cocaine involved was at least five kilograms or more, all in violation of 21 U.S.C. §§§ 963, 960(b)(1)(B)(ii), and 959(d); 18 U.S.C. § 3238 and § 3551. (A. 8-9).

Count Two charged that between September 2016 and November 2016, within the Eastern District of New York and elsewhere, Appellant with others, knowingly and intentionally conspired to distribute and possess with intent to distribute one or more controlled substances, which included five kilograms or

2

more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II); 18 US.C. § 3551. (A. 9).

Count Three charged that between September 2016 and November 2016, within the Eastern District of New York, Appellant with others, knowingly and intentionally conspired to import a controlled substance into the United States, which involved five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 963, 960(b)(1)(B)(ii) and 18 U.S.C. § 3551. (A. 9-10).

Plea Agreement

Appellant negotiated a plea agreement with the government where he agreed to plead guilty to the lesser included offense of Count One, charging a violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii) and 959(d). The agreement advised the Appellant of the maximum term of imprisonment of forty years, minimum term of five years and a minimum supervised release of four years. (A. 14-15).

With a criminal history category of I and an offense level of 37, the agreement provided a guideline range of 210 to 262 months' imprisonment, should Appellant accept responsibility and plead guilty on or before October 29, 2021. Appellant stipulated to the range and agreed not to challenge the drug type and quantity set forth in the lab reports. Appellant admitted that he was responsible for more than 450 kilograms of cocaine. The parties conceded that the guideline range was not binding on the government or the Court. (A. 16).

Appellant agreed not to file an appeal, except for an ineffective assistance of counsel claim, should the Court impose a term of imprisonment of 293 months or below. The government relinquished any right to file any further criminal charges against Appellant for conspiracy to distribute or possesses with the intent to distribute cocaine during the months of September to November of 2016. The government also agreed not to make a motion for an upward departure under the sentencing guidelines. (A. 16-17).

The agreement provided that should Appellant violate any terms of the agreement, the government would be released under the agreement, but Appellant would not. Appellant consented to entry of a forfeiture money judgment of $290,000 and agreed that if he fails to pay any portion of the forfeiture money judgment, he consents to the forfeiture of any other property belonging to him up to the amount of the unpaid forfeiture money judgment. Appellant also agreed to abandon any right to file a claim contesting the forfeiture of any property against which the government sought to satisfy the forfeiture money judgment. (A. 18-19).

Plea Proceeding

Appellant's plea proceeding took place on October 19, 2021. There was a Spanish interpreter present and Appellant was placed under oath. Defense counsel stated to the Court that the plea agreement had been translated for Appellant and reviewed with the assistance of an interpreter several times. (A. 25-26).

The Court explained to Appellant that he must be truthful at all times and ensured that Appellant was clear-minded and had not consumed any narcotics or alcohol within the last twenty-four hours. Defense counsel had no doubt as to Appellant's competence to plead and advised him of the maximum sentence and operations of the sentencing guidelines. Appellant stated that he understood the charge, conspiring to distribute five kilograms or more of cocaine, to which he was pleading guilty. (A. 27-31).

The Court informed Appellant of the rights he would be giving up by pleading guilty such as his right to a public and speedy trial, his right to cross-examine witnesses and to confront witnesses, his right to offer evidence, and his right to testify. Appellant acknowledged that he understood and confirmed that he signed the plea agreement. The Court explained to Appellant that he was waiving his right to appeal his conviction and his sentence if his sentence was 293 months' imprisonment or less. (A. 31-37).

The Court informed Appellant that it must take into consideration the maximum and mandatory minimum sentences under the statute and the sentencing guidelines range, which was 210 to 262 months' imprisonment. (A. 38-40).

Appellant stated that he wished to plead guilty to Count One and that he was pleading of his own free will. Appellant shared the facts that demonstrated his guilt of Count One, including that while he was a member of Mexican law enforcement,

5

he agreed to provide information to a drug trafficking organization that would likely facilitate the distribution of cocaine into the United States. The Court found that there was a factual basis for the plea and accepted Appellant's guilty plea. (A. 41-44).

Sentencing

Appellant appeared for sentencing before the District Court on February 9, 2022. An interpreter was present for the proceedings. The Court notified all parties that it had reviewed the presentence investigation report and counsels' sentencing memoranda in preparation for sentencing. Defense counsel stated that he reviewed all the documents with Appellant with the assistance of the interpreter. The Court adopted the fact findings of the presentence report and explained that an offense level of 39 and a criminal history category of 1 provided a guideline range of 262 to 327 months' imprisonment. (A. 47-49).

Defense counsel advocated to the Court, explaining that Appellant voluntarily surrendered to American federal authorities and accepted responsibility for his actions. While Appellant was incarcerated, his father passed away and he could not attend the funeral. Appellant also lost all of his assets that he spent a lifetime accumulating legally. Appellant was a highly respected member of the Mexican law enforcement who did so much to obtain a high-ranking status, counsel explained. Appellant has the full support of his mother and two sons.

Appellant had to learn to survive on a daily basis in prison as he is jailed alongside some of the targets he helped arrest and investigate. Counsel urged the Court to determine that Appellant has been sufficiently punished, that he would never commit a crime like this again, and that his focus upon release will be to rebuild his life with his family. Counsel requested that the Court sentence Appellant to 60 months imprisonment, with credit for the 59 months already served. (A. 49-54).

Appellant explained that the did not run away, but voluntarily got on a plane and came to the United States to face the consequences for his crimes, not knowing when he would be able to see his family again. Appellant apologized to all who had been affected directly or indirectly by his offenses. (A. 54-55).

In addressing the Court, the government stated that Appellant's conduct was serious and that instead of working with the United States and Mexican law enforcement to protect the people of both countries, he accepted a bribe. (A. 56-60).

The Court stated that it considered all of the sentencing factors, including the advisory guidelines. The Court explained to Appellant that defense counsel's sentence request was not sufficient to account for the magnitude of Appellant's actions, but did acknowledge that serving time at Metropolitan Detention Center is difficult. The Court stated that it considered that Appellant had served 40 months' imprisonment for relevant conduct, which would warrant some adjustment. The

7

Court took into account that Appellant was remorseful and that he does have some medical conditions which would make it harder for him to serve time than someone who is entirely healthy. (A. 62-64).

The Court sentenced Appellant to 120 months' imprisonment (with credit for time served on his current offense) and four-years of supervised release. The Court accepted the government's motion to dismiss the open counts with prejudice. The Court informed Appellant that he had given up his right to appeal the conviction by pleading guilty and the right to appeal his sentence in light on the 120-month sentence the Court imposed. (A. 65-68).

Government's Motion to Dismiss

The government filed a motion to dismiss Appellant's appeal on April 29, 2022, on the ground that Appellant executed a plea agreement in which he agreed not to file an appeal or challenge his conviction of sentence if the term of imprisonment was 293 months' imprisonment or less. Appellant was sentenced to 120 months' imprisonment. The government further argued that Appellant indicated that he understood this waiver provision as it was highlighted during his plea allocution.

SUMMARY OF ARGUMENT

Appellant entered a guilty plea to the lesser included offense of Count One, charging a violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii) and 959(d). At

8

Appellant's guilty plea, he was advised of all the rights he would be waiving by pleading guilty. Appellant entered a valid waiver of his right to appeal. Consequently, this Court should grant counsel's motion to be relieved pursuant to *Anders v. California,* 386 U.S. 738 (1967).

## ARGUMENT

### THERE ARE NO NON-FRIVOLOUS ARGUMENTS FOR THIS COURT'S REVIEW. APPELLANT'S PLEA AND APPELLATE WAIVER WERE VALIDLY ENTERED AND WERE KNOWING AND VOLUNTARY.

Appellant's plea allocution complied with Rule 11 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11(b)(1). Appellant was placed under oath and was advised of the government's right, in a prosecution for perjury or false statement, to use against him any statement given under oath. Appellant was advised of his right to plead not guilty, or having already so pleaded, to persist in that plea: his right to a jury trial and appeal therefrom; and to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding. Appellant was advised of his rights at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Court advised Appellant that if he pleaded guilty, and the Court accepted his plea, he would be waving these trial rights.

9

The District Court advised Appellant of the nature of the charge to which he was pleading, and Appellant said that he understood the Count to which he was pleading guilty, 21 U.S.C. §§ 963, 960(b)(2)(B)(ii) and 959(d).

In satisfaction of Rule 11(b)(1), the Court informed Appellant that the maximum possible penalty he was facing was 40 years' imprisonment, a maximum term of supervised release of life, and a fine of as much as five million dollars, which Appellant stated he understood.

The Court advised Appellant of the Court's authority to order restitution, the Court's obligation to calculate the applicable sentencing-guideline range, which was 210 to 262 months, and to consider possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

Moreover, Appellant was advised that he was waiving his right to appeal so long as he was sentenced to 293 months' or less and Appellant responded that he understood. Appellant also stated that he was not being forced to plead guilty and he was not made any other promises other than those contained in the plea agreement.

Therefore, Appellant's plea complied with Rule 11 of the Federal Rules of Criminal Procedure and there was no basis in the record to conclude that his plea and appellate waiver were not knowing and voluntary. *Parke v. Raley*, 506 U.S. 20, 28-29 (1992)(It is beyond dispute that a guilty plea must be both knowing and voluntary)(citing *Boykin v. Ala.*, 395 U.S. 238 (1969); *McCarthy v. United States*, 394 U.S. 459, 466 (1969)); *North Carolina v. Alford*, 400 U.S. 25, 27 (1970).

10

## CONCLUSION

Because Appellant's plea and waiver appear to have been validly entered, the undersigned respectfully requests to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Dated: July 14, 2022
      San Rafael, California

ROBIN C. SMITH, ESQ.
*Attorney for Appellant*
802 B Street
San Rafael, California 94901
(415) 726-8000

## CERTIFICATE OF COMPLIANCE

1. This brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

2. Exclusive of the table of contents; table of citations; certificate of compliance and the certificate of service, this Brief of Appellant contains 2,181 words. I understand that a material misrepresentation can result in the court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and a copy of the word or line printout.

July 14, 2022

ROBIN C. SMITH, ESQ.
LEEAN OTHMAN, ESQ.
Law Office of Robin C. Smith, Esq., P.C.
802 B Street
San Rafael, California 94901
(415) 726-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have this July 14, 2022, filed electronically using the Court's CM/ECF system which will send notification to all parties of record.

ROBIN C. SMITH, ESQ.
LEEAN OTHMAN, ESQ.
Law Office of Robin C. Smith, Esq., P.C.
802 B Street
San Rafael, California 94901
(415) 726-8000